GHOLSON LESTER V. STATE.

No. 24233. January 5, 1949.
Motion for Rehearing Denied (Without Written
Opinion) February 16, 1949.

*W. E. Martin,* Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a term of 12 years.

This is a companion case to that of Adams v. State, No. 24,232, (page 49 of this volume) pending in this court. The evidence in this case is, in all material and essential parts, similar to that case and we see no need to restate the same here since a reference to our opinion in the Adams case in which we have stated the salient facts proved is deemed sufficient. What we have said in that case relative to the sufficiency of the evidence applies equally here.

By Bill of Exception No. 1 he complains of the testimony given by Keith Witt to the effect that he, Witt, asked Raymond Adams who was driving the Ford car to which Adams replied, "Gholson Lester." Appellant objected to the statement so made by Adams on the ground that it was made in his absence; that it was hearsay; that it was a declaration of another not in the presence of appellant and made some forty minutes after appellant had left the scene of the collision. Ordinarily a statement made by a third party, out of the presence of the accused, is not binding on him and should not be admitted in evidence. However, in the instant case, Walter L. Pelton testified that he lived in Anson at the time in question; that he saw the appellant, Gholson Lester, under the steering wheel of the Ford car at the time of the collision. It will thus be noted that the same evidence was given by Pelton as that objected to. It occurs to us that under the facts here disclosed, the error of the trial court in admitting the objectionable testimony is not such as would call for a reversal of this case.

By Bill of Exception No. 2 he complains of the action of the trial court in overruling his motion for a new trial based on the alleged newly discovered evidence. The claimed newly discovered evidence set forth in his motion is the same as that relied on for a new trial in the case of Raymond Adams, supra. What we have said in disposing of the question in that case is applicable here, and we see no need to reiterate what we have said in that case.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.